Jones, J.,
delivered the opinion of the Court.
The plaintiff in this cause filed h-is petition in the Circuit Court of St. Louis eounty,to foreclose a mortgage, given by. the intestate to him on two- negroes, to secure the-payment of a suimof money,-at a.day long.since passed y. and,.having taken the steps provided by our statutes for obtaining a decree for foreclosing, ofmortgages, moved-the Court for a deeree to foreclose the mortgage given on the negroes.- This the-Court refusedj on the-ground,,that it had not jurisdiction, to foreclose mortgages of personal property, and, in consequence, dismissed the petition- Whereupon, the plaintiff applied! to this Court fór a rule-on the Judge of the Circuit Court, to show cause why a mandamus should not issue, commanding .him to reihstate'the petition on the docket, and'to-proceed to deeree a foreclosure of the said'mortgage-.
In our opinion, the décision of the Circuit Court was correct, there Kefng. no statute l'aw. which authorizes any,proceedings for foreclosing mortgages of personal property; *259 and it is not pretended that any such proceedings are known to the Common- law. The plaintiff contends, that as the act of the Assembly of October, 1804, prescribes the manner in which the mortgagees of real or personal estate should enter satisfac-» tion on record, that the same proceedings should be had for foreclosing, of mortgages of personal property, as are provided in that and in subsequent acts, for the foreclose ing of mortgages on real estate. Whatever effect the words “personal estate” might be construed to have, which, is not material to inquire into at this time, they ceased to have any, after the passage of the act of October,-1807, which is the only law in force, directing the manner in which mortgages of real estate may be fore» closed, and further providing, that- “ all contracts containing a mortgage of personal; property, theretofore entered into-, should be proceeded on in like manner, as was therein before directed, according to the true intent and meaning of such contracts-’*1
As the mortgage from Hanly was given in 1821, it does not come within the pro-visions of this latter act; consequently, the plaintiff can have no remedy under it,-
The motion is, therefore, overruled, with costs.